Argued and submitted August 20, ballot measure explanatory statement certified August 27, 1986

FERRARA et al,
*Petitioners,*

*v.*

RILEY et al,
*Respondents.*

(SC S33121)

724 P2d 315

Richard M. Botteri, Portland, argued the cause and filed the Petition to Review the Voters' Pamphlet Explanatory Statement for Ballot Measure 13.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause and filed the Answering Memorandum of the Attorney General. With him on the Answering Memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

This is an original proceeding brought under ORS 251.235 which permits any person who is dissatisfied with a voters' pamphlet ballot measure explanatory statement, for being insufficient or unclear, to petition this court to certify a different statement.[1]

The question here involves the explanatory statement for Ballot Measure 13 that will appear in the voters' pamphlet for the November 4, 1986 general election. Ballot Measure 13 proposes the following amendment to the Oregon Constitution:

"Be It Enacted by the People of the State of Oregon:

"The Constitution of the State of Oregon is amended by abolishing existing Section 2 (1) (c) and creating a new Section 2 (1) (c) to ARTICLE II SUFFRAGE AND ELECTIONS to read:

"Section 2. Qualification of electors. (1) Every citizen of the United States is entitled to vote in all elections not otherwise provided for by this Constitution if such citizen:

"* * * * *

"(c) Is registered [prior to the] *not less than 20 calendar days immediately preceding any* election in the manner provided by law." (Deleted language in brackets. New language emphasized.)

The respondents were appointed pursuant to ORS 251.205 as members of a committee to draft the explanatory statement for Ballot Measure 13. ORS 251.215(1) provides that the committee shall prepare and file with the Secretary of State "an impartial, simple and understandable statement

---

[1] ORS 251.135 provides:

"Any person dissatisfied with an explanatory statement for which suggestions were offered at the Secretary of State's hearing under ORS 215.215, may petition the Supreme Court seeking a different statement and stating the reasons the statement filed with the court is insufficient or unclear. If the petition is filed not later than the fifth day after the deadline for filing a revised statement with the Secretary of State, the court shall review the statement, hear arguments and certify an explanatory statement to the Secretary of State. The review by the Supreme Court shall be conducted expeditiously to insure the orderly and timely conduct of the election at which the measure is to be submitted to the electors. The statement certified by the court shall be the explanatory statement printed in the voters' pamphlet."

explaining the measure and its effect." The statement shall not exceed 500 words.

The respondent committee prepared and submitted a draft of an explanatory statement to the Secretary of State who, pursuant to ORS 251.215(2), held a hearing to receive suggested changes. After the hearing, four of the respondents (one member being absent) prepared and filed the following revised explanatory statement with the Secretary of State:

> "This is a proposed amendment to the State Constitution. It would provide that a person must be registered to vote at least 20 days before election day. Anyone not registered at least 20 days before would not be eligible to vote.

> "This proposed amendment would replace current Oregon statutory law. Presently, individuals are allowed to register up to one day before the election.

> "This proposed amendment would not change any other voter qualification provision. It would only establish a voter registration cut-off by requiring persons who want to vote to be registered at least 20 days before the election."

After the respondent committee filed the above revised explanatory statement, the petitioners filed this petition alleging that the statement was insufficient and unclear in that "it misrepresents the nature and number of changes to the voter registration laws and fails to identify at least three significant changes."[2] Those three alleged changes were said to concern (1) registration, (2) later qualification to vote, and (3) denial of registration. The petition includes a detailed alternative explanatory statement which petitioners claim cures the ills of the respondents' revised statement.

The respondent committee has not appeared. The Attorney General has filed an answering memorandum. He states that he is appearing pursuant to ORS 180.060(1)(c) "to represent and defend the interests of the State of Oregon in the integrity of the process by which voters' pamphlet explanatory statements are prepared, and in achieving certification of an explanatory statement in this case which is accurate and

---

[2] The petitioner Ferrara alleges that she is a registered voter in Benton County and the executive director for Oregon of the petitioner, Common Cause, Inc.

adequate to inform the voters."[3] The Attorney General states that this court should certify the revised explanatory statement prepared by the respondent committee.

The petitioners contend that under the present system any person who changes residence or name or whose registration is canceled may reregister up to one day before the election, but if Measure 13 passes, those people who experience a status change less than 20 days before the election will be denied the right to reregister to vote. The petitioners also claim that under the current law (ORS 247.015(2)) any person who will become 18 years of age or complete the residence requirement before the election may register between the 60th day and the day before the election, but that Measure 13 will restrict the registration of those people to the time period between the 60th and the 20th day. The petitioners' final contention is that if a county clerk rejects a voter registration application and a hearing is requested, under the present system the process could run to the day before the election, but if Measure 13 passes, then the applicant who is wrongfully denied registration has no recourse if the matter is not decided by the 20th day before the election. The petitioners' position is that all three of the above described situations should be called to the attention of the voters in the explanatory statement for Measure 13.

The Attorney General contends that Measure 13 does not cut off all changes in registration 20 days before an election. He claims that a person who is registered to vote, but who has changed name or residence either before or after the

---

[3] ORS 180.060(1)(c) provides:

"The Attorney General shall:

"(c) Appear, commence, prosecute or defend for the state all causes or proceedings in the Supreme Court or the Court of Appeals in which the state is a party or interested."

The committee, as the respondent, is entitled to appear on its own behalf and defend its statement, though we express no view on how many members may do so. If the Attorney General does not represent the committee, he cannot propose or accede to changes in a committee's statement on its behalf. The committees that draft statements are constituted *ad hoc* and have neither staff nor budget to respond to legal challenges if the Secretary of State, who publishes the voters' pamphlet, does not furnish them. Since such challenges are likely to be common, as today's cases show, and the committees' assigned handiwork deserves to be defended, the several governmental departments should resolve how the response to such challenges is to be provided.

20th day, merely amends his registration by the process of reregistration.

The Attorney General agrees with the petitioners that a person whose registration has been cancelled and is not reinstated by the 20 day period before the election will not be eligible to vote. He also agrees that if a person becomes 18 years of age during the 20 day period before the election, that person is not eligible to vote unless he or she has registered prior to the 20th day. However, the Attorney General claims that the revised explanatory statement submitted by the respondents adequately advises the voters of these situations by the following language:

> "Anyone not registered to vote at least 20 days before would not be eligible to vote. * * *.

> "It would only * * * [require] persons who want to vote to be registered at least 20 days before the election."

We agree that the revised explanatory statement submitted by the respondents, previously quoted in full at page 2, adequately informs the voters as to the status of a person whose registration has been denied or cancelled or who becomes 18 years of age within the 20·day period prior to the election. However, we do not think that this is the time or proceeding in which to decide if reregistration to reflect a new name or address is merely an amendment of the prior registration and can be accomplished after the 20th day before the election.

*In McAfee v. Paulus,* 289 Or 651, 616 P2d 493 (1980), the initiative measure proposed to license and for most purposes forbid the sale or use of certain animal traps. There was a disagreement between two petitioners as to the eventual effect of two sections of the measure. We said:

> "Moreover, when a measure itself is unclear and subject to contested interpretations, a statement that purports to give the voter a clear explanation of 'the measure and its effect' may not be 'impartial.' If a committee finds itself in genuine and serious doubt about a measure's meaning and effect, the impartial and understandable, if not simple, answer may be to say so and let the argumentative pages of the voters' pamphlet argue the point.

> "In any event, we do not believe that ORS 251.235 meant to call on this court to settle disputes over the meaning of a

measure in reviewing and certifying explanatory statements, especially since Voters' Pamphlet statements in turn become 'legislative' history when that meaning later is disputed by persons affected by the measure in a concrete case. At this stage, the court's scrutiny goes only so far as necessary to determine, not whether a more detailed or comprehensive explanatory statement might have been written, but whether the committee's statement falls short to the point of being 'insufficient.' " 289 Or at 655.

In *McAfee v. Paulus, supra,* we did not find the explanatory statement in question to be "insufficient or unclear" in the words of ORS 251.235, or not "impartial, simple, and understandable" in the words of ORS 251.215(1) and therefore certified it to the Secretary of State. Likewise, we do not find the revised explanatory statement quoted in full above to be "insufficient or unclear." ORS 251.235. We also find the statement to be "impartial, simple, and understandable." ORS 251.215(1). We certify the statement to the Secretary of State.